**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0153-16T4

ALI MUSLIM, f/n/a
ROMEO WEBB,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted March 6, 2018 — Decided June 26, 2018

Before Judges Fasciale and Sumners.

On appeal from the New Jersey State Parole Board.

Ali Muslim, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

    Ali Muslim appeals from a July 27, 2016 final agency decision by the New Jersey State Parole Board (Board) denying his request

for parole and establishing a one-hundred and twenty-month future eligibility term (FET). We affirm.

In August 1985, sixteen-year-old Muslim, and two other cohorts, robbed at gunpoint four victims, who were walking home from an evening outdoor church service. While seeking to open one of the victim's pocketbook, Muslim's gun accidentally fired, with the bullet hitting her in the head, causing her death. Tried as an adult, Muslim was found guilty by a jury, and was sentenced to life imprisonment with a thirty-year period of parole ineligibility.

Having served thirty years, Muslim became eligible for parole for the first time on August 8, 2015. After his initial hearing, the hearing officer referred the matter to a two-member Board panel, which denied parole and referred the matter to a three-member Board panel for consideration of a FET outside of the administrative guidelines. In a six-page single-spaced written decision, the three-member panel established a one-hundred and twenty-month FET. Muslim appealed to the full Board, which issued a five-page single-spaced decision affirming the denial of parole and the one-hundred and twenty-month FET.

Before us, Muslim argues the following points:

A-0153-16T4

POINT I

THE AMENDMENT TO N.J.S.A. 30:4-123.56 PERMITTING CONSIDERATION OF ANY INFORMATION, AS OPPOSED TO NEW INFORMATION AFTER FUTURE ELIGIBILITY TERMS ARE IMPOSED VIOLATES DUE PROCESS, EX POST FACTO AND CRUEL AND UNUSUAL PUNISHMENT PROVISIONS RESULTANT IN A DE FACTO LIFE WITHOUT PAROLE SENTENCE FOR A CRIME COMMITTED AS A JUVENILE.

A. DUE PROCESS LIBERTY PROTECTIONS.

B. EX POST FACTO VIOLATIONS.

C. CRUEL AND UNUSUAL PUNISHMENT VIOLATIONS.

　　(1) FEDERAL ANALYSIS PURSUANT TO [MILLER].[1]

　　(2) STATE ANALYSIS PURSUANT TO [COMER].[2]

POINT II

THE USE OF FACTORS NOT CONTAINED WITHIN THE REGULATION GOVERNING RELEASE CRITERIA IS UNCONSTITUTIONAL AS IS THE RISK ASSESSMENT SCORE AS IT DOES NOT SERVE TO RESULT IN AN AGENCY DECISION BASED ON SOME EVIDENCE SUPPORTING IT AND AS SUCH VIOLATES DUE PROCESS.

A. REGULARLY COMPLIANCE.

B. THE ALLEGED LACK OF INSIGHT AND UNRESOLVED PROBLEM RESOLUTION ARE UNSUPPORTED BY THE RECORD IN THAT APPELLANT HAS ABSTAINED FROM BOTH VIOLENCE AND SUBSTANCE ABUSE FOR YEARS, AND CONTRADICT N.J.A.C. 10A:71-3.11(B)[(1)] RELEASE CRITERION, COMMISSION OF AN OFFENSE WHILE INCARCERATED IN THAT APPELLANT HAS NOT

---

[1] Miller v. Alabama, 567 U.S. 460 (2012).

[2] State v. Zuber, 227 N.J. 422 (2017).

A-0153-16T4

COMMITTED AN OFFENSE IN OVER 30 YEARS OF IMPRISONMENT.

C. ANY "MINIMIZATION OF CRIMINAL ACTIVITY" BY APPELLANT IS DIRECTLY ATTRIBUTABLE TO RESPONDENT ELICITING SUCH.

D. RISK ASSESSMENT, LONG TERM AND RACIAL BIAS.

(I) MARCHAK, SKEEM AND DOUGLAS STUDY OF THE REVISED LEVEL OF SERVICE INVENTORY IN PREDICTING RECIDIVISM AFTER LONG TERM INCARCERATION.

(II) FASS, HEILBRUN, DEMATTEO AND FREITZ ON THE LSI-R AND COMPAS.

(III) WATKINS RESEARCH BULLETIN, CORRECTIVE SERVICES EVALUATION AND STATISTICS.

POINT III

THE FAILURE TO CONSIDER A SUBMISSION BY APPELLANT DEMONSTRATING LOW RECIDIVISM RATES OF HIS AGE GROUP, LIFERS IMPRISONED FOR IN EXCESS OF 20 YEARS, AND HIS 60% CHANCE OF NON-REC[I]DIVISM VIOLATED HIS DUE PROCESS RIGHTS.

POINT IV

APPELLANT EXCEEDED THE DIRECTIONS OF RESPONDENT AS TO WHAT TO ACCOMPLISH WHILE INCARCERATED AND IS ENTITLED TO RELEASE PURSUANT TO THE 1997 STATUTE AS HAVING MEANINGFULLY PARTICIPATED IN HIS REHABILITATION AND RESPONDENT HAS USED GPS MONITORING TO ENSURE PERSON ON SUPERVISED RELEASE COMPLY WITH THE CONDITIONS OF RELEASE AND CREATE NO DANGER TO PUBLIC SAFETY.

We have considered the contentions raised by Muslim and conclude that they are without sufficient merit to warrant

4

discussion in this opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the Board in its thorough decision. We add the following remarks.

In reviewing a final decision of the Board, we consider: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998). The Board's decision to grant or deny parole turns on whether there is a "substantial likelihood" the inmate will commit another crime if released. Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7-8 (App. Div. 2000). The Board must consider the enumerated factors in N.J.A.C. 10A:71-3.11(b)(1)-(23) in making its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 561 (App. Div. 2002).

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, N.J.A.C. 10:71-3.21(d) allows a three-member panel to establish a FET outside of

the administrative guidelines if the presumptive twenty-seven-month FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior."

Here, the Board's action is consistent with the applicable law, there is substantial credible evidence in the record as a whole to support its findings, and the Board reached conclusions that were based on the relevant facts. The Board made extensive findings, which we need not repeat here, demonstrating the basis for its decision to deny Muslim parole. And in its final decision, the Board provided multiple reasons for imposing the one-hundred and twenty-month FET, which although lengthy, is neither arbitrary nor capricious. On this record, we have no reason to second-guess those findings or conclusions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0153-16T4